GARY M. RESTAINO
United States Attorney
District of Arizona
LEIGHANN M. THOMAS
Assistant U.S. Attorney
Illinois State Bar No. 6327687
Two Renaissance Square
40 N. Central Ave., Ste. 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: LeighAnn.Thomas@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 2:22-cr-00465-DWL |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| | (Fast Track U.S.S.G. § 5K3.1) |
| Martin Alexis Montalvo-Moreno, | |
| Defendant. | |

The United States of America and the defendant, Martin Alexis Montalvo-Moreno, hereby agree to dispose of this matter on the following terms and conditions:

<u>PLEA</u>

The defendant agrees to plead guilty to the lesser-included offense of Count 1 of the Indictment charging the defendant with a violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (a)(1)(B)(ii), Transportation of an Illegal Alien, a Class D felony offense.

1.   <u>MAXIMUM PENALTIES</u>

a.   A violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (a)(1)(B)(ii) is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of five years, or both, and a maximum term of supervised release of three years.  The maximum term of probation is five years.

b.     According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)     make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)     pay a fine pursuant to 18 U.S.C. §3572, unless the Court finds that a fine is not appropriate;

(3)     serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases);

(4)     pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A); and

(5)     pay upon conviction an additional $5,000 special assessment pursuant to 18 U.S.C. § 3014(a), unless the Court determines that the defendant is indigent.

c.     The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

2.     **AGREEMENTS REGARDING SENTENCING**

a.     <u>Recommendation: Acceptance of Responsibility</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), if the defendant makes full and complete disclosure to the Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction pursuant to U.S.S.G. § 3E1.1. If the defendant has an offense level of 16 or more, the United States will move for an additional one-level reduction pursuant to U.S.S.G. § 3E1.1.

b.     <u>Stipulated Sentence Under Early Disposition Program</u>.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that the

- 2 -

defendant shall receive a two-level downward departure pursuant to U.S.S.G. § 5K3.1. The United States and the defendant stipulate and agree that the reductions under U.S.S.G. §§ 3E1.1 and 5K3.1 shall be the only downward departures that the defendant shall receive. If the defendant requests, or if the Court authorizes, any downward adjustments or departures to the Sentencing Guidelines not specifically agreed to in writing by the parties, the United States may withdraw from the plea agreement. Nothing in this agreement shall preclude the defendant from moving for a downward variance.

        c.    <u>Non-Binding Recommendations</u>.    The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

**3.**    **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

        This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**4.**    **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

        a.    If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

        b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used

- 3 -

1   against the defendant in any subsequent hearing, trial, or proceeding subject to the

2   limitations of Fed. R. Evid. 410.

3   **5.     WAIVER OF DEFENSES AND APPEAL RIGHTS**

4          The defendant waives (1) any and all motions, defenses, probable cause

5   determinations, and objections that the defendant could assert to the indictment or

6   information; and (2) any right to file an appeal, any collateral attack, and any other writ or

7   motion that challenges the conviction, an order of restitution or forfeiture, the entry of

8   judgment against the defendant, or any aspect of the defendant's sentence, including the

9   manner in which the sentence is determined, including but not limited to any appeals under

10  18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255

11  (habeas petitions), and any right to file a motion for modification of sentence, including

12  under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under

13  18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion).  This waiver shall

14  result in the dismissal of any appeal, collateral attack, or other motion the defendant might

15  file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

16  This waiver shall not be construed to bar an otherwise-preserved claim of ineffective

17  assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section

18  II.B of Ariz. Ethics Op. 15-01 (2015)).

19  **6.     DISCLOSURE OF INFORMATION**

20         a.     The United States retains the unrestricted right to provide information and

21  make any and all statements it deems appropriate to the Probation Office and to the Court

22  in connection with the case.

23         b.     Any information, statements, documents, and evidence that the defendant

24  provides to the United States pursuant to this agreement may be used against the defendant

25  at any time.

26         c.     The defendant shall cooperate fully with the U.S. Probation Office.  Such

27  cooperation shall include providing complete and truthful responses to questions posed by

28  the Probation Office including, but not limited to, questions relating to:

- 4 -

1         (1)  Criminal convictions, history of drug abuse and mental illness; and

2         (2)  Financial information, including present financial assets or liabilities

3    that relate to the ability of the defendant to pay a fine.

4    **7.**     **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

5         Nothing in this agreement shall be construed to protect the defendant from

6    administrative or civil forfeiture proceedings or prohibit the United States from proceeding

7    with and/or initiating an action for civil forfeiture.  Pursuant to 18 U.S.C. § 3613, all

8    monetary penalties, including restitution imposed by the Court, shall be due immediately

9    upon judgment, shall be subject to immediate enforcement by the United States, and shall

10    be submitted to the Treasury Offset Program so that any federal payment or transfer of

11    returned property the defendant receives may be offset and applied to federal debts (which

12    offset will not affect the periodic payment schedule).  If the Court imposes a schedule of

13    payments, the schedule of payments shall be merely a schedule of minimum payments and

14    shall not be a limitation on the methods available to the United States to enforce the

15    judgment.

16    **8.**     **ELEMENTS**

17                    **Transportation of an Illegal Alien**

18         On or about April 20, 2022, in the District of Arizona:

19         1.     Axel Antony Mendoza-Rodriguez and Jose Alfredo Jimenez-Cervantes were

20    aliens;

21         2.     Axel Antony Mendoza-Rodriguez and Jose Alfredo Jimenez-Cervantes were

22    not lawfully in the United States;

23         3.     The defendant knew or acted in reckless disregard of the fact that Axel

24    Antony Mendoza-Rodriguez and Jose Alfredo Jimenez-Cervantes were not lawfully in the

25    United States; and

26         4.     The defendant knowingly transported or moved Axel Antony Mendoza-

27    Rodriguez and Jose Alfredo Jimenez-Cervantes in order to help them remain in the United

28    States illegally.

9.    **FACTUAL BASIS**

a.    The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

> On April 20, 2022, I, Martin Alexis Montalvo-Moreno, was driving a vehicle near Eloy, in the District of Arizona.  The vehicle I was driving contained passengers, all of whom were illegal aliens. Axel Antony Mendoza-Rodriguez and Jose Alfredo Jimenez-Cervantes were among the passengers. I knew my passengers were illegal aliens, and I intended to assist them in remaining in the United States unlawfully.

b.    The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

I have read the entire plea agreement with the assistance of my attorney.  I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea.  I have further been advised by my attorney of the nature and range

- 6 -

1  of the possible sentence and that my ultimate sentence shall be determined by the Court

2  after consideration of the advisory Sentencing Guidelines.

3  My guilty plea is not the result of force, threats, assurances, or promises, other than

4  the promises contained in this agreement.  I voluntarily agree to the provisions of this

5  agreement and I agree to be bound according to its provisions.

6  I understand that if I am granted probation or placed on supervised release by the

7  Court, the terms and conditions of such probation/supervised release are subject to

8  modification at any time.  I further understand that if I violate any of the conditions of my

9  probation/supervised release, my probation/supervised release may be revoked and upon

10  such revocation, notwithstanding any other provision of this agreement, I may be required

11  to serve a term of imprisonment or my sentence otherwise may be altered.

12  This written plea agreement, and any written addenda filed as attachments to this

13  plea agreement, contain all the terms and conditions of the plea.  Any additional

14  agreements, if any such agreements exist, shall be recorded in a separate document and

15  may be filed with the Court under seal; accordingly, additional agreements, if any, may not

16  be in the public record.

17  I further agree that promises, including any predictions as to the Sentencing

18  Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

19  (including my attorney) that are not contained within this written plea agreement, are null

20  and void and have no force and effect.

21  I am satisfied that my defense attorney has represented me in a competent manner.

22  I fully understand the terms and conditions of this plea agreement.  I am not now

23  using or under the influence of any drug, medication, liquor, or other intoxicant or

24  depressant that would impair my ability to fully understand the terms and conditions of this

25  plea agreement.

26

27  _07/05/2022_____                    for  _Marlon Moreno_
    Date                                             MARTIN ALEXIS  MONTALVO-MORENO
28                                                   Defendant

- 7 -

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

07/05/2022
_____
Date

_____
TIMOTHY ROGERS
Attorney for Defendant

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

May 19, 2022
_____
Date

_____
LEIGHANN M. THOMAS
Assistant U.S. Attorney

## COURT'S ACCEPTANCE

10/17/22
_____
Date

_____
HONORABLE DOMINIC W. LANZA
United States District Judge

- 8 -